**FILED**
**Mar 28, 2018**
**09:58 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | | |
|---|---|---|
| **KIMBERLY BULLARD,** | ) | **Docket No. 2017-08-1053** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FACILITIES PERFORMANCE GROUP,** | ) | **State File No. 71623-2017** |
| **Employer,** | ) | |
| **and** | ) | |
| **TRAVELERS INSURANCE CO.,** | ) | **Judge Amber E. Luttrell** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

This matter came before the Court on March 8, 2018, for an Expedited Hearing on Ms. Bullard's request for medical and temporary disability benefits for an injury to her left arm. Facilities Performance Group (FPG) contended Ms. Bullard suffered an idiopathic injury and denied benefits. The issue is whether Ms. Bullard is likely to prevail at trial in establishing her injury arose primarily out of and in the course and scope of her employment. The Court holds that she is and is thus entitled to medical benefits. Her request for reimbursement of past medical expenses and temporary disability is denied at this time.

### History of Claim

The uncontroverted evidence established the following facts. Ms. Bullard worked for FPG on a janitorial crew that cleaned multiple businesses each day. On September 19, 2017, Ms. Bullard exited a building she routinely cleaned to travel to the next location. She missed the single step out of the building and fell onto the concrete, landing on her left arm. Ms. Bullard testified she heard a "crack" and could not get up. Coworkers assisted her off the ground, and she reported her injury to her manager, James Chesney. Mr. Chesney drove her first to a clinic and then to the emergency room at a nearby hospital.

The next day, Ashley Jenkins, Travelers' claims adjuster, took Ms. Bullard's recorded statement. Immediately afterward, Ms. Jenkins filed a Notice of Denial stating,

"[T]his claim is denied for idiopathic fall."

The parties introduced medical records that indicated Ms. Bullard saw Dr. Barton Williams the day after the injury. Dr. Williams noted Ms. Bullard's history of injury at work when she fell on her left arm and elbow. He further noted the emergency room providers performed a reduction of her dislocated elbow. He diagnosed a left elbow dislocation, status post closed reduction with comminuted radial head fracture, and collateral ligament injury. He performed surgery on her elbow one week later. Dr. Williams' post-operative report stated, [Ms. Williams] underwent operative repair of a left elbow terrible triad injury. Her radial head was replaced . . .In addition, she underwent medial and lateral collateral ligament repair . . . as well as anterior capsular repair."

Ms. Bullard testified Dr. Williams performed a second surgery on her elbow two weeks later, and she is scheduled to undergo a third surgery. She has not worked for FPG since her injury and does not know her employment status with the company. On cross-examination, Ms. Bullard acknowledged that she provided no off-work notes to her employer during her treatment. She requested medical benefits with Dr. Williams as her authorized physician, payment of her medical bills, and temporary disability benefits. She did not introduce any medical bills or work-status notes into evidence.

Tonya Wright, James Chesney, and Ashley Jenkins testified for FPG. Ms. Wright, a coworker of Ms. Bullard, testified consistently with Ms. Bullard regarding the location of the entrance and exit doors at the building where she fell. Ms. Wright did not see Ms. Bullard fall. She called Ms. Bullard over to "look at some paperwork" and saw her on the ground. Ms. Wright acknowledged that each building they worked in had steps going in and out.

Mr. Chesney is FPG's Operations Support Manager, which includes helping with safety and handling workers' compensation claims. He stated Ms. Bullard never presented any off-work or light-duty notes to him, and FPG would meet any light-duty restrictions. On cross-examination, Mr. Chesney agreed that janitorial employees are required to go up and down stairs while working. He did not dispute that Ms. Bullard was "on the clock" at the time of her injury.

Ms. Jenkins testified by affidavit. She stated Ms. Bullard informed her in the recorded statement that "she was coming out of the door and missed the step." Ms. Bullard told her she did not have anything in her hands when she fell, the area was not slippery, and no visible defects were on the step.

### Findings of Fact and Conclusions of Law

At an Expedited Hearing, Ms. Bullard must come forward with sufficient evidence

2

from which this Court might determine she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2017).

An injury must arise primarily out of and in the course and scope of the employment to be compensable under the Workers' Compensation Law. The term "injury" is defined as an injury by accident arising primarily out of and in the course and scope of employment that causes the need for medical treatment. For an injury to be accidental, it must be caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and identifiable by time and place of occurrence. *See* Tenn. Code Ann. § 50-6-102(14).

The record is clear as to when and where the incident occurred. No one questioned whether Ms. Bullard was acting in the course and scope of her employment when she exited the building and missed the step. The Court therefore concludes that Ms. Bullard demonstrated she is likely to prevail at a hearing on the merits in proving a specific incident, identifiable by and time and place of occurrence.

The dispute is whether Ms. Bullard's injury arose primarily out of her employment. FPG asserted Ms. Bullard's fall resulted from an idiopathic event and not the result of an employment hazard. An idiopathic injury has "unexplained origin or cause, and generally does not arise out of the employment unless 'some condition of the employment presents a peculiar or additional hazard.'" *Frye v. Vincent Printing Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *11 (Aug. 2, 2016) (internal citation omitted). "Cause" in this context is not "proximate cause" as used in the law of negligence; rather, "cause means that the accident originated in the hazards to which the employee was exposed as a result of performing his or her job duties." *Id.* at *12. Further, Tennessee courts "have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as a puddle of water or a step, in addition to the employee's ambulation." *Wilhelm v. Krogers,* 235 S.W.3d 122, 128-129 (Tenn. 2007).

Here, FPG argued that "most buildings that are built these days have a one-step down or curb close to the building . . . the fact that the building she was cleaning and then exiting at the time she fell had only one step is clearly not a peculiar or additional hazard to her employment." Further, it argued that, had Ms. Bullard fallen at the entrance door to the same building where there are two steps, it would have been a hazard incident to the employment and thus a compensable injury. The Court finds FPG's argument unpersuasive.

Ms. Bullard provided undisputed testimony that when she exited the building, she missed the single step outside the door and fell onto the concrete on her arm. Ms. Bullard was exiting the building because her job required it, and the area included a step that resulted in her fall. She was not walking on a flat surface when she fell. The Court finds

3

the step constituted a specific hazard of Ms. Bullard's employment beyond mere ambulation, and she is likely to prevail on the issue of whether she suffered an accident arising primarily out of her employment.

Turning to medical benefits, FPG argued Ms. Bullard introduced no medical causation opinion linking her elbow conditions and treatment to her work injury. Ms. Perry must prove "to a reasonable degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). The term "reasonable degree of medical certainty" means that "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D). Thus, causation must be established by expert medical testimony. However, at this interlocutory stage, she need not prove her injury by a preponderance of the evidence. Instead, she must only come forward with sufficient evidence to show a likelihood of prevailing at a hearing on the merits. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6 (Mar. 27, 2015).

Based on the foregoing, the Court holds Ms. Bullard provided sufficient evidence demonstrating she is likely to prevail at trial in establishing that her injury was not idiopathic in nature thus she is entitled to medical benefits for her reported injury. Further, the Court holds Ms. Bullard justifiably sought medical treatment on her own once FPG denied her claim the day after the injury. Accordingly, the Court holds FPG must provide her reasonable and necessary medical treatment related to the injury and shall authorize treatment with Dr. Williams. *See Young v. Young Elec. Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 24 (May 25, 2016), *citing McCord,* at *13 ("[A]n employer who elects to deny a claim runs the risk that it will be held responsible for medical benefits obtained from a medical provider of the employee's choice[.]").

Because Ms. Bullard did not introduce evidence to show a likelihood of prevailing in her request for past medical expenses or temporary disability, the Court denies her request for medical bill reimbursement and temporary disability at this time. Ms. Bullard may pursue her claim for these benefits at a later date.

**IT IS THEREFORE ORDERED as follows:**

1. Facilities Performance Group shall provide Ms. Bullard with medical treatment as required by Tennessee Code Annotated section 50-6-204. Dr. Barton Williams shall become the authorized treating physician.

2. This matter is set for a Status Hearing on **May 7, 2018 at 9:30 a.m. Central Time**. The parties must call 855-543-5039 to participate in the hearing.

4

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED this the 28th day of March, 2018.**

**Judge Amber E. Luttrell**
**Court of Workers' Compensation Claims**

## APPENDIX

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Motion to Continue
5. Order Granting Motion to Continue
6. Employer's Expedited Hearing Pre-Trial Brief
7. Employer's Witness List
8. Employer's Exhibit List
9. Employee's Pretrial Memorandum

Exhibits:
1. Medical Records-Nova Care and Methodist
2. Ortho Memphis records
3. Notice of Denial
4. Photo of entrance door to FedEx building
5. Photo of exit door to FedEx building
6. Affidavit of Ashley Jenkins
7. Employee Accident/Injury Report
8. Nova work status note

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the 28th day of March, 2018.

| Name | Via Email | Service sent to: |
|---|---|---|
| John Dunlap, Esq., Attorney for Employee | X | Jdunlap00@gmail.com |
| Paul Nicks, Esq., Attorney for Employer | X | pnicks@travelers.com llunaman@travelers.com |

Penny Shrum, Clerk of Court
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

6